**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4211

JAMES RICHARD HYDEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
Glen M. Williams, Senior District Judge.
(CR-90-39-B)

Submitted: March 13, 1997

Decided: March 24, 1997

Before HALL, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Terry F. Rose, CLOER & ROSE, Hickory, North Carolina, for Appellant. Julie C. Dudley, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Richard Hyden appeals his sentence for conspiracy to distribute or possession with intent to distribute cocaine under 21 U.S.C. § 846 (1994). Hyden's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but raising five issues: whether (1) Hyden's trial counsel was ineffective for failing to rebut information in the Presentencing Investigative Report (PSR); (2) the district court violated his plea agreement with the Government; (3) he entered into the plea agreement knowingly and voluntarily; (4) the district court erred by denying him a two point reduction for acceptance of responsibility under the United States Sentencing Guidelines[1] ("USSG"); and (5) the district court erred by making an upward departure from the prescribed sentencing range. Hyden was notified of his right to file an additional brief, but he failed to do so. [2]

Hyden's claims are without merit. First, Hyden has failed to identify any erroneous information contained in the PSR, and our review of the record reveals none. We do not find Hyden received ineffective assistance of counsel meriting review on direct appeal. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992) (claim of ineffective assistance not properly brought on direct appeal unless ineffectiveness conclusively appears in trial record). Second, the district court was not a party to the plea agreement between Hyden and the Government, and the district court specifically informed Hyden that

_____

[1] See United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1990). Hyden was sentenced in November 1990. However, after a later motion, filed under 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, it was found that the trial court failed to advise him of his right to appeal his sentence, under Fed. R. Crim. P. 32(c)(5). Therefore, Hyden was allowed to file a delayed notice of appeal.

[2] Although Hyden himself did not file a pro se brief in this Court, his counsel raised the five issues as "state[d] by the Defendant in his pro se motion which are appropriate for the Appellant to raise on direct appeal." The exact nature of this motion is unclear.

it was not bound by the terms of the plea agreement at his plea hearing. Third, the plea hearing reveals that Hyden affirmatively stated that he entered his guilty plea voluntarily, that he was satisfied with the services of his attorney, and that he knowingly pled guilty because he was in fact guilty. We find no basis to conclude Hyden's plea was coerced or entered into unknowingly. See Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 171 (4th Cir. 1981) (holding that statements of the accused at a plea hearing that facially demonstrate the plea's validity are conclusive absent a compelling reason why they should not be); see also United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (defendant's statements at plea hearing are "strong evidence" of voluntariness). Fourth, although the court initially denied Hyden credit for acceptance of responsibility on the basis of the probation officer's recommendation, the court did grant him a two level reduction lowering his sentence from 115 months to 96 months of imprisonment. Fifth, the district court did not depart from the prescribed sentencing range. Rather, Hyden received a base level offense of 26 for conspiracy to distribute between .5 and 1.9 kilograms of cocaine, reduced by two levels for acceptance of responsibility which with his criminal history category of IV gave him a range of 77 to 96 months of imprisonment. Sentencing Table (USSG § 5A).

As required by Anders, we have independently reviewed the record and all pertinent documents. We have considered all possible issues presented, and we conclude that there are no nonfrivolous grounds for appeal. Because the record discloses no reversible error, we affirm Hyden's sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED